OPINION OF THE COURT
Helen E. Freedman, J.
On March 16, 1987, this court issued a decision preliminarily and permanently enjoining all of the above-captioned "city” defendants from placing homeless families with pregnant women or children under six months of age in mass or barracks-style shelters without private accommodations, "Tier I” facilities, in accordance with the State family shelter regulations (18 NYCRR part 900) promulgated pursuant to provi *120 sions of the New York Social Services Law (Slade v Koch, 135 Misc 2d 283).
Although the plaintiffs sought injunctive relief against the State defendants as well, the court felt constrained by the decision of the Appellate Division in Matter of Fulton v Krauskopf (117 AD2d 198 [1st Dept 1986]) to deny the injunction as against the State. However, the court noted that Social Services Law § 17 (a); §§ 20 and 34 (3) (e) require State agencies to " 'supervise all social services work, as the same may be administered by any local unit of government and the social services officials thereof ” (135 Misc 2d 283, 291, supra) and Federal regulations (45 CFR 205.40 [b] [1] [iv]; 206.10 [a] [12]) mandate State supervision over social services programs. Moreover, it is newly promulgated State regulations that are specifically at issue.
This court had previously granted an injunction against the State in another case concerning homeless families (Matter of Lamboy v Gross, 129 Misc 2d 564) involving enforcement of State Administrative Directive 83 ADM-47. After the issuance of the decision in Slade (supra), the Lamboy decision and order were affirmed in full on March 26, 1987 (126 AD2d 265). The order that was affirmed specifically required the State to supervise and enforce the city respondents’ compliance with Administrative Directive 83 ADM-47. On appeal it appears that the State did not even argue that it was not responsible for enforcement and supervision, merely that flexibility was necessary. Interestingly it was the city that challenged the State’s responsibility in its brief on pages 35 and 36, and that challenge was rejected.
Therefore, for the reasons set forth both in the Lamboy decision (supra, 129 Misc 2d, at 575) and in the original decision in this case on pages 15 and 16, the decision is modified to include the State for purposes of enforcement and supervision of its own regulations. The order, now signed, reflects this modification.